## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**JOSE PERALTA**
**1194 Nelson Avenue**
**Bronx, New York 10452**

and

**THE CITY OF NEW YORK**
**1 Center Street**
**New York, New York 10007**

and

**P.O.  BRYAN WILSON**
**Shield No.  10392**
**1 Police Plaza**
**New York, New York 10007**

**CIVIL ACTION**

13 CV 4171

**JURY TRIAL DEMANDED**

JUDGE COTE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOSE PERALTA

                          **Plaintiff,**               **COMPLAINT**

            **-against-**              **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,          **ECF CASE**
P.O. BRYAN WILSON, Shield No. 10392

                       **Defendants.**
-----------------------------------------------------------------X

     The Plaintiffs by their attorneys, Yalkut & Israel, complaining of the defendants,

respectfully allege as follows:

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action for compensatory damages, punitive damages fees pursuant to

      42 U.S.C. 1983 and 42 U.S.C. 1988 for violation of their civil rights and the

      Constitutions of New York and the United States.

## JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. 1983 and 42 U.S.C. 1988, and the First,

      Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution

## VENUE

3.    Venue is properly laid in the Southern District of New York under 28 U.S.C. 1391(b) in

      that this is the District in which the claim arose.

## JURY DEMAND

4.    Plaintiff respectfully demands trial by jury of all issues in this matter pursuant to Federal

      Rules of Civil Procedure, P. 38(b)

## PARTIES

5.    That at all times hereinafter mentioned, defendant, THE CITY OF NEW YORK (hereinafter referred to as "CITY") was a municipal corporation duly organized and existing pursuant to the laws of the State of New York.

6.    A notice of claim was not served upon defendant, "CITY", within ninety(90) days of the occurrence and/or accrual of the cause of action.

7.    More than thirty(30) days have elapsed and although not having been presented with a notice of said claim, the Defendant, "CITY" has failed to adjust and /or dispose of the claim presented therein.

8.    This action is commenced within three years of the date of the incident and/or accrual of the cause of action.

9.    That at all times hereinafter mentioned, defendant, "CITY, owns the NEW YORK CITY POLICE DEPARTMENT, " POLICE" as a subsidiary;

10.    That at all times hereinafter mentioned, defendant, "CITY", maintains the "POLICE";

11.    That at all times hereinafter mentioned, defendant, "CITY", operates the "POLICE";

12.    That at all times hereinafter mentioned, defendant, CITY, controls and manages the "POLICE";

13.    That at all times hereinafter mentioned, the Defendant BRYAN WILSON, shield no. 10392, is employed by the defendant, CITY, and the "POLICE";.

14.    That at all times herein mentioned the Plaintiff was a resident of the County of Bronx, City and State of New York;

15.     That at all times herein mentioned the Bronx River Parkway at or near Watson Avenue is a public thoroughfare located in the County of Bronx, City and State of New York;

## FIRST COUNT-FALSE IMPRISONMENT

16.     On December 3, 2011 at approximately 10:45 a.m. of that day, Plaintiff was lawfully operating his motor vehicle on the Bronx River Parkway North at or near Watson Street, Bronx, New York when the "Police" responded to said location, pulled the Plaintiff's vehicle over, and without cause or provocation, hand cuffed the Plaintiff, transported him to the 43rd Precinct;

17.     Plaintiff was lawfully at said location.

18.     Plaintiff was falsely imprisoned at the scene of the occurrence; and at the 43rd Precinct;

19.     As a result of the aforementioned, plaintiff suffered emotional trauma, feared for his life, sustained severe and serious other consequential damages.

20.     Plaintiff(s) intend(s) to claim punitive damages for all of the counts interposed

21      The criminal action against the Plaintiff was disposed of as follows: Defendant never prosecuted;

22.     As a result of the foregoing, plaintiff has been damaged in a sum within the Jurisdictional limits of The United States District Court, Southern District and in excess of the Jurisdictional limits of all inferior Courts.

## .SECOND COUNT-NEGLIGENT TREATMENT

23.     Plaintiff repeats, reiterates and re-alleges the allegations contained in Paragraphs "1" through "22" herein as if more fully set forth at length;

24.    At the aforementioned time and place, plaintiff was negligently treated by various police officers employed by the defendant, "CITY" and "POLICE" including the Defendant, P.O. Bryan Wilson, had a proper investigation been conducted, the incident herein complained of would not have occurred;

25    Said police officers were acting within the course and scope of their employment with Defendant "City" and "Police";

26.    Plaintiffs intends to claim punitive damages for all of the counts interposed herein

27.    As a result of the foregoing, plaintiff has been damaged in a sum within the Jurisdictional limits of The United States District Court, Southern District and in excess of the Jurisdictional limits of all inferior Courts

## THIRD COUNT-INVASION OF PRIVACY:

28.    Plaintiff repeats, reiterates and re-alleges the allegations contained in Paragraphs "1" through "27" herein as if more fully set forth at length

29.    The aforementioned occurrence constituted an invasion of the privacy of plaintiff;

30.    As a result of the foregoing, Plaintiff sustained severe and serious emotional injuries and other consequential damages.

31.    Plaintiff intends to claim punitive damages for all of the counts interposed herein.

32.    As a result of the foregoing, plaintiff has been damaged in a sum within the Jurisdictional limits of The United States District Court, Southern District and in excess of the Jurisdictional limits of all inferior Courts.