## FOURTH COUNT-CIVIL RIGHTS VIOLATION:

33. Plaintiff repeats, reiterates and re-alleges the allegations contained in Paragraphs "1" through "32" herein as if more fully set forth at length:

34. As a result of the aforementioned occurrence, plaintiff was deprived of his civil rights under the Constitution of the State of New York and the Constitution of the United States, as well as other State ordinances statutes, codes and rules, including but not limited to 42 USC §1981, §1983, §1985 and 28 USC § 1343.

35. As a result of the foregoing, plaintiff suffered emotional trauma, feared for his life, sustained severe and serious other consequential damages.

36. Plaintiff intends to claim punitive damages for all of the causes of action interposed herein.

37. As a result of the foregoing, plaintiff has been damaged in a sum within the Jurisdictional limits of The United States District Court, Southern District and in excess of the Jurisdictional limits of all inferior Courts.

## FIFTH COUNT-NEGLIGENCE

38. Plaintiff repeats, reiterates and re-alleges the allegations contained in Paragraphs "1" through "37" herein as if more fully set forth at length:

39. The aforementioned occurrence took place by reason of the negligence of defendants, its agents, servants and/or employees, including various police officers.

40. As a result of the foregoing, Plaintiff suffered emotional trauma, feared for his life, sustained severe and serious other consequential damages.

41. Plaintiff intends to claim punitive damages for all of the causes of action interposed herein.

42. As a result of the foregoing, plaintiff has been damaged in a sum within the Jurisdictional limits of The United States District Court, Southern District and in excess of the Jurisdictional limits of all inferior Courts.

### SIXTH COUNT-PRIMA FACIE TORT

43. Plaintiff repeats, reiterates and re-alleges the allegations contained in Paragraphs "1" through "42" herein as if more fully set forth at length.

44. Defendants with intent to emotionally harm plaintiff and without justification, intentionally acted to emotionally harm said plaintiff, causing pecuniary loss to plaintiff;

45. The plaintiff is seeking punitive damages on all counts.

46. The plaintiff is seeking damages in a sum within the Jurisdictional limits of The United States District Court, Southern District and in excess of the Jurisdictional limits of all inferior Courts..

### SEVENTH COUNT MUNICIPAL LIABILITY

47.. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs " 1" through "46" as if the same were more fully set forth at length herein.

48. Defendants imprisoned and detained the Plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said imprisonment and detention would jeopardize plaintiffs liberty, well being, safety and constitutional rights.

49. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

50. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department., all under the supervision of ranking officers of said department.

51. . The aforementioned customs, policies. usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

    a) fabricating evidence against innocent persons erroneously arrested;

    b) imprisoning innocent persons wrongfully apprehended; and

    c) Imprisoning innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

52. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct. as documented in the following civil rights actions filed against the City of New York:

- **Frank Douglas v. City of New York.**, United States District Court Southern District of New York, 03 CV 6475;

  **Darnell Flood v. City of New York,** United States District Court, Southern District of New York. 03 CV 10313;

  **Theodore Richardson v. City of New York. et al,** United States District Court, Eastern District of New York, 02 CV 3651;

  **Phillip Stewart v. City of New York,** United States District Court, Southern District of New York, 05 CV 2375;

  **Benjamin Taylor v. City of New York.** United States District Court. Eastern District of New York, 01 CV 5750;

  **Angel Vasquez v. City of New York,** United States District Court, Eastern District of New York, 05 CV 3552;

- **Alvin ,Williams v. City of New York.,** United States District Court, Southern District of New York.. 05 CV 4013:

  **Terrence Burton v. City of New York,** United States District Court, District of New York, 06 CV 6884.

53. The foregoing customs, policies. usages, practices, procedures and rules of the

City of New York and the New York City Police Department constituted a deliberate indifference to the safety', well-being and constitutional rights of plaintiff;

54. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by the Plaintiff as alleged herein.

55. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

56. As result of the foregoing custom, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff was imprisoned and arrested unlawfully for several hours;.

57. Defendants, collectively and individually, while acting under color of State Law, were directly and actively involved in violating the constitutional rights of plaintiff;.

58. Defendants, collectively and individually, while acting under color of State Law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of the plaintiff's constitutional rights.

59. All of the foregoing acts by the defendants deprived the plaintiff of federally protected rights, including but not limited to:

    A.    Not to be deprived of liberty without due process of law.

    B.    To be free from seizure and imprisonment not based upon probable cause.

    C.    To be free from unwarranted and malicious detention.

    D.    Not to have cruel and unusual punishment imposed upon him/her; and

    E.    To receive equal protection under the law.